UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| EDWARD J. EBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:06CV139 JCH |
| ) | |
| NORFOLK & SOUTHERN ) | |
| RAILROAD COMPANY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Remand, filed February 17, 2006. (Doc. No. 27). Plaintiff asserts that the case must be remanded because the Court does not have subject matter jurisdiction. For the reasons stated below, the Court denies the motion.

Plaintiff has been employed by Defendant for 37 years. In the course of his work, he was required by Defendant to come into contact[1] with various toxic substances, including radioactive materials. He has now developed ailments, including cancer, allegedly arising from these contacts. He brought suit against Defendant under the Federal Employers' Liability Act, 45 U.S.C. §§ 51-60 ("FELA"), alleging that Defendant failed to provide him with a reasonably safe place to work. His original complaint was filed in the Circuit Court for Madison County, Illinois. Defendants removed to the Southern District of Illinois, on the basis of federal question jurisdiction. Plaintiff filed a

---

[1] Plaintiff was required to clear driftwood from under railroad bridges. Some of these bridges were in an area where Mallinckrodt, not a party to this action, had buried nuclear waste decades before. The waste had seeped into the water, where Plaintiff was exposed to it.

1

motion to remand in that court. The Honorable G. Patrick Murphy denied the motion, and transferred the case to this Court, because the alleged acts occurred in this District. Plaintiff then filed the same motion to remand in this Court.

Plaintiffs allege that this Court has subject matter jurisdiction because the radiation exposure claim under FELA is preempted by the Atomic Energy Act of 1954, 42 U.S.C. § 2201, et seq., as amended by the Price-Anderson Amendments Act of 1988, Pub. L. No. 100-408, 102 Stat. 1006 (1988) (codified as amended in various sections of 42 U.S.C.). Defendants provide substantive arguments of why jurisdiction is proper, but also urge the Court to follow the law of the case doctrine and deny the motion, as Judge Murphy has already ruled on it.

"Under the law of the case doctrine, 'when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" Kinman v. Omaha Public School Dist., 171 F.3d 607, 610 (8th Cir. 1999) (quoting Morris v. American Nat'l Can Corp., 988 F.2d 50, 52 (8th Cir.1993)). This applies as well when cases transfer between coordinate courts. 18B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 4478.4 (2d ed. 2002). The law of the case doctrine is not as strong with issues that involve the court's subject matter jurisdiction, as here, but "this duty need not extend to perpetual reconsideration." Id. at § 4478.5.

The Court has carefully read the parties' briefs and researched the issues raised, and finds that Judge Murphy's Order was correctly decided. The Court also declines Plaintiff's request to immediately certify this issue for appellate review.

2

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Remand (Doc. No. 27) is **DENIED**.

Dated this 18th day of April, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE